962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Timothy Joe MULLINS, Defendant-Appellant.
 No. 91-5355.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 27, 1992
Decided: May 7, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-90-35)
 Gray Robinson, JACKSON & ROBINSON, Bristol, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Joe Mullins pled guilty to making a false statement to obtain a firearm in violation of 18 U.S.C.A. §§ 922(a)(6) and 924(a)(1)(B) (West 1976 & Supp. 1991), under a plea agreement in which the government agreed not to oppose a sentence at the low end of the guideline range. The guideline range recommended in the presentence report was zero to six months. However, after giving notice at a first sentencing hearing that it was considering an upward departure, and taking testimony at a second hearing, the district court departed upward to the statutory maximum of five years. Mullins appeals this sentence and we affirm.
 
 
 2
 Mullins contends first that he was given inadequate notice of the ground on which the district court departed because the court indicated at the first hearing that it might depart pursuant to United States Sentencing Commission, Guidelines Manual,s 5K2.9, p.s. (Criminal Purpose), but ultimately departed pursuant to U.S.S.G. § 5K2.14, p.s. (Public Welfare). Mullins argues that, as a result, he was denied the opportunity to present evidence relevant to the matters which concerned the court.
 
 
 3
 The Supreme Court has held that, before a district court can depart upward on a ground not identified by the probation officer or the government prior to the sentencing hearing, it must give reasonable notice that it is considering a departure. The notice must "specifically identify the ground on which the court is contemplating an upward departure." Burns v. United States, 59 U.S.L.W. 4625, 4628 (U.S. 1991). In this case, the district court did not identify a specific guideline as a basis for the departure at either hearing. At the first hearing, the court informed the parties that it was considering an upward departure because there had been some evidence during an earlier bond proceeding that Mullins had purchased the gun for the purpose of harming his mother. At the beginning of the second hearing the court stated that it wanted "to hear evidence on whether or not the firearm had been purchased for the purpose of doing harm to another person." Defense counsel did not object to the stated scope of the hearing. The court then heard testimony from Mullins himself and from relatives, friends, a substance abuse counselor who had repeated contact with Mullins, and others. The court then determined that Mullins had bought the gun to go hunting, but had within a week of buying it made threats to shoot his mother, his grandmother and the counselor, and that these threats in conjunction with his history of chronic drug and alcohol abuse created a real risk to them and to the public and were factors warranting a sentence outside the applicable guideline range. We find that the notice given Mullins by the district court at the first hearing was adequate to inform him of the issue of concern to the sentencing court and to address it.
 
 
 4
 Mullins also maintains that the extent of the departure was unreasonable and that, without giving reasons, the district court made a conclusory finding that an increased sentence was necessary to protect the public and to reflect the seriousness of the offense. We review the extent of a departure under an abuse of discretion standard. United States v. Summers, 893 F.2d 63, 67 (4th Cir. 1990). Our review of the record discloses that the district court gave cogent reasons for the departure as described above-that within a week of buying the gun Mullins threatened to use it to kill his mother and others, and that these threats in conjunction with his history of substance abuse created a real risk of injury to others. The court had heard testimony that Mullins was belligerent and could be dangerous when under the influence of alcohol or drugs, and of Mullins's previous failure to complete substance abuse programs and lack of interest in overcoming his substance abuse problems. On these facts, we find that the departure to the maximum sentence of five years was not an abuse of discretion.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED